SLEEPER ET AL. v. ISELIN & Co. ET AL.

1. **Receiver:** APPOINTMENT OF: EVIDENCE CONSIDERED AND STATUTE APPLIED. Upon consideration of the evidence in this case it was *held* that defendants were not entitled to have a receiver appointed, because they did not show that the property in controversy, or its rents and profits, was "in danger of being lost or materially injured or impaired," as required by section 2903 of the Code.

*Appeal from O'Brien Circuit Court.*

FRIDAY, SEPTEMBER 22.

THE action was brought to foreclose a deed of trust covering a certain grist mill and other property. The defendants admit the execution of the deed of trust, and that a certain amount is due thereon, which amount, however, they aver is much less than the amount claimed by the plaintiffs. In connection with their answer they filed a cross petition in which they averred, among other things, that the defendant, A. W. Sleeper, trustee in the deed of trust, had taken possession of the property as trustee for the plaintiffs; that the property was not properly cared for, nor used in a proper manner, and had deteriorated, and was continuing to deteriorate. They asked that the said A. W. Sleeper be required to account, and that pending the settlement a receiver be appointed to take charge of the mill property and certain other property in his possession. The plaintiffs for answer to the cross-petition denied all the allegations thereof in regard to the want of care, and the improper use and deterioration of the mill property. In addition to such denials they set up that they had become the owners of the property by purchase at an execution sale made upon a judgment in favor of one O. A. Pray & Co. The case coming on for hearing upon the defendants' application for a receiver, the application was granted and a receiver was appointed. From the order appointing a receiver of the mill property the plaintiffs appeal.

*Barret & Bullis*, for appellants.

*J. H. Swan*, for appellees.

ADAMS, J.—The statute provides for the appointment of a receiver upon the petition of either party to a civil action wherein he shows a probable right to or interest in any property which is the subject of the controversy, and that such property or its rents and profits are in danger of being lost or materially injured or impaired. Code, § 2903. If the defendants who are applicants for a receiver in this case have shown themselves to be within the provisions of the statute, they are entitled to a receiver.

The first question naturally presented is as to whether they have an interest in the property, or whether as the plaintiffs contend their interest was extinguished by the sale on the O. A. Pray & Co. judgment. But we do not propose to go into this inquiry. The question raised is not free from difficulty. For the purposes of the opinion it may be conceded that the defendant's interest in the property has not been extinguished. We come, then, to inquire whether the property or its rents and profits were in danger of being lost or materially injured or impaired.

The plaintiffs, through their trustees, had taken possession of the mill and leased it, and were receiving the rents and profits under a claim of right to the same. This would not be their right as mere creditors secured by a deed of trust upon the mill; but they claim that by another instrument they acquired a lien upon the rents as security for the same indebtedness. It appears that after the execution of the deed of trust the defendants, Iselin & Co., for the purpose of further securing the same indebtedness, executed a mortgage covering a large amount of personal property, among which is specified "all accounts now due, or to become due, from any building owned by them or any of them, and all accounts now due or to become due in the milling business."

The plaintiffs insist that the expression "all accounts now due or to become due from any building" means, all accounts now due or to become due *for rents* from any building, and we have to say that in this it appears to us that they are correct. It is not provided that the plaintiffs or their trustee should have the right to lease the mill, but it is shown that Iselin & Co. had allowed the mill to become idle, and that the same was deteriorating by reason of the fact that it was idle. As the plaintiffs were not only entitled to the rents of any building, but were entitled to the income of the milling business, it appears to us that having found the mill idle, and having taken possession thereof and leased it for the better preservation and productiveness of the same, Iselin & Co. cannot justly complain of the mere fact that the plaintiffs are in the receipt of the rents; nor, indeed, do we understand that such is their complaint. What they complain of is the want of care and preservation of the mill. We have to inquire, then, whether their allegations in this respect are sustained. The evidence in their behalf consists merely of their sworn cross-petition. This is not only denied by the plaintiffs in a sworn answer, but it is shown by the affidavits of two experienced millers, now the lessees of the mill, and who have had a long acquaintance with it, that it is managed with prudence and care, and is suffering the least possible injury, and is in a better condition than they have ever known it before. We think that the allegations of the defendants, Iselin & Co., that the mill is deteriorating for the want of proper management and care are not sustained, and it follows that their application for the appointment of a receiver should, so far as the mill is concerned, have been denied.

REVERSED.